**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4199**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

IJAZ OLIVER,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:24-cr-00047-1)

_____

Submitted: May 18, 2026                         Decided: May 22, 2026

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. Amy Lynn McLaughlin, Assistant United States Attorney, Jeremy Bryan Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ijaz Oliver pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court sentenced Oliver to 18 months' imprisonment to be followed by three years of supervised release. On appeal, Oliver's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 783 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in denying Oliver's motion for a downward variant sentence and sentencing him at the high end of the advisory Sentencing Guidelines range.  Oliver was informed of his right to file a pro se supplemental brief, but he has not done so.  We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'"  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *Id.*  Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).  Any sentence within "a

properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Oliver's 18-month sentence is procedurally reasonable. The district court correctly calculated the Guidelines range, considered the § 3553(a) factors, provided a meaningful explanation for its chosen sentence, and addressed defense counsel's arguments for a downward variance. *See Gall*, 552 U.S. at 49-51. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Oliver's within-Guidelines term of imprisonment. *See Louthian*, 756 F.3d at 306. The district court assessed the circumstances of Oliver's case and reasonably arrived at a sentence of 18 months' imprisonment, specifically explaining its reasons for choosing a sentence at the high end of the advisory Guidelines range. We therefore conclude that Oliver's term of imprisonment is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Oliver, in writing, of the right to petition the Supreme Court of the United States for further review. If Oliver requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oliver. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*